UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AARON SLEDGE,<br><br>                      Plaintiff,<br>     v.<br>CHUCK ALLEN, *et al.*,<br><br>                    Defendants. | Case No. 3:19-cv-00181-MMD-CLB<br><br>SCREENING ORDER |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    IN FORMA PAUPERIS APPLICATION**

Before the Court is Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1.) Based on the information he provided regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*,

1 | 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    SCREENING OF COMPLAINT**

In the Complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at the Washoe County Detention Facility ("WCDF"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants Sheriff Chuck Allen and Washoe County Commissioners Marsha Berkbigler, Vaughn Hartung, Jeanne Herman, Kitty Jung, and Bob Lucey. (*Id.* at 2-3.) Plaintiff alleges four counts and seeks declaratory, injunctive, and monetary relief.[1] (*Id.* at 8, 12.)

The Complaint alleges the following. While at the WCDF, Plaintiff was a pretrial detainee representing himself during his criminal trial. (*Id.* at 4.) Plaintiff was unable to file a timely motion for mistrial based on legitimate grounds because the WCDF had no legal

---

[1] Inmate John Quintero helped Plaintiff prepare the Complaint. (ECF No. 1-1 at 13.)

| | |
|---|---|
| 1 | materials. (*Id.* at 5.) Jail officials instructed Plaintiff to access legal materials through |
| 2 | Washoe Legal Services but Washoe Legal Services only issues advice on civil matters. |
| 3 | (*Id.*) |
| 4 | On November 24, 2017, Plaintiff learned that jail officials provided federal pretrial |
| 5 | detainees on ICE holds access to a mobile information station with law library access but |
| 6 | would not provide the same information to state pretrial detainees. (*Id.* at 6.) The county |
| 7 | commissioners were in charge of funding. (*Id.* at 7.) The WCDF had an administrative |
| 8 | process that failed to provide any meaningful procedures to remedy complaints and made |
| 9 | it difficult for inmates to seek the assistance of non-governmental entities. (*Id.* at 8.) |
| 10 | In Count I, Plaintiff alleges First Amendment violations because there was no law |
| 11 | library and Defendants tried to push legal research onto the Washoe County Public |
| 12 | Defender's Office without any funding. (*Id.* at 5.) In Count II, Plaintiff alleges Fourteenth |
| 13 | Amendment equal protection violations because jail officials provided federal pretrial |
| 14 | detainees access to a law library but did not do the same for state pretrial detainees. (*Id.* |
| 15 | at 6.) In Count III, Plaintiff alleges violations of the U.S. Constitution based on lack of |
| 16 | access to the courts. (*Id.* at 7.) In Count IV, Plaintiff alleges First and Fourteenth |
| 17 | Amendment violations based on the right to "redress grievances." (*Id.* at 8.) |
| 18 | In viewing the allegations in the light most favorable to Plaintiff, it appears that |
| 19 | Plaintiff was a pretrial detainee who was attempting to represent himself at his criminal |
| 20 | trial. The Court finds that Plaintiff's allegations are construed as a Sixth Amendment claim |
| 21 | for the right to self-representation in a criminal case rather than a Fourteenth Amendment |
| 22 | claim for denial of access to the courts. The right of access to the courts is limited to non- |
| 23 | frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *See* |
| 24 | *Lewis v. Casey*, 518 U.S. 343, 353 n.3, 354-55 (1996). The Court construes Plaintiff's |
| 25 | allegations as claims for Sixth Amendment right to self-representation (Counts I, III), |
| 26 | Fourteenth Amendment equal protection (Count II), and Fourteenth Amendment due |
| 27 | process (Count IV). |
| 28 | |

### A. Right to Self-Representation (Counts I, III)

The Court interprets Counts I and III as claims for violations of Plaintiff's Sixth Amendment right to self-representation because Plaintiff was a criminal defendant at the time of the events. In *Faretta v. California*, 422 U.S. 806 (1975), the U.S. Supreme Court recognized a criminal defendant's Sixth Amendment right to self-representation. *See id.* at 807. The Ninth Circuit has held that "the right to self-representation necessarily includes and is premised upon the right of the defendant to prepare a defense." *See Taylor v. List*, 880 F.2d 1040, 1047 (9th Cir. 1989). "An incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense." *Id.*

The Court finds that Plaintiff states a colorable right to self-representation claim. Based on the allegations, while Plaintiff was representing himself,[2] he was unable to conduct any legal research during his criminal trial because the WCDF did not have a law library. For screening purposes, this claim will proceed against Defendants Allen, Berkbigler, Hartung, Herman, Jung, and Lucey. *See Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012) (holding that a supervisor could be a proper defendant for a claim for prospective injunctive relief from a regulation because the supervisor would be responsible for ensuring that injunctive relief was carried out, even if he was not personally involved in the decision giving rise to the plaintiff's claims).

### B. Equal Protection (Count II)

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a

---

[2] By taking Plaintiff's allegations as true, it appears that Plaintiff was representing himself during his criminal trial. (ECF No. 1-1 at 4.) However, the Court notes that Plaintiff attaches exhibits to his Complaint that indicate that, at some point during his criminal proceedings, he had appointed counsel from both the Washoe County Public Defender's Office and Washoe County Alternate Public Defender's Office. (*Id.* at 21, 29-30.)

protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

For screening purposes, the Court finds that Plaintiff states a colorable equal protection claim. Based on the allegations, jail officials treated federal and state pretrial detainees differently with respect to law library access without any rational basis. This claim will proceed against Defendants Allen, Berkbigler, Hartung, Herman, Jung, and Lucey.

### C. Due Process (Count IV)

The Court interprets Count IV as attempting to state a due process claim based on how jail officials responded to Plaintiff's grievances. The Court finds that Plaintiff fails to state a claim. Inmates have no stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that a state's unpublished policy statements establishing a grievance procedure do not create a constitutionally protected liberty interest); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest in the processing of appeals because there is no liberty interest entitling inmates to a specific grievance process). As such, the Court dismisses the due process claim with prejudice as amendment would be futile.

### IV. CONCLUSION

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the PLRA. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. However, this order granting *in forma pauperis* status will not extend to the issuance and/or service of subpoenas at government expense.

1 | It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the PLRA, the Nevada Department of Corrections will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Aaron Sledge, #93404** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court will also send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the PLRA.

The Clerk of Court is further directed to file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that Counts I and III, alleging violations of the Sixth Amendment right to self-representation, will proceed against Defendants Allen, Berkbigler, Hartung, Herman, Jung, and Lucey.

It is further ordered that Count II, alleging Fourteenth Amendment equal protection violations, will proceed against Defendants Allen, Berkbigler, Hartung, Herman, Jung, and Lucey.

It is further ordered that Count IV, alleging Fourteenth Amendment due process violations, is dismissed with prejudice as amendment would be futile.

It is further ordered that the Clerk of Court will issue summonses for Defendants Chuck Allen, Marsha Berkbigler, Vaughn Hartung, Jeanne Herman, Kitty Jung, and Bob Lucey, and deliver the same, to the U.S. Marshal for service. The Clerk of Court will also send sufficient copies of the Complaint (ECF No. 1-1) and this order to the U.S. Marshal for service on Defendant(s).

It is further ordered that the Clerk of Court will send to Plaintiff six USM-285 forms. Plaintiff will have 30 days within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form.

It is further ordered that within 20 days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

It is further ordered that henceforth, Plaintiff will serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff will include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk of Court, and any paper received by a district judge, magistrate judge or the Clerk of Court which fails to include a certificate of service.

DATED THIS 7th day of January 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE