UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AARON SLEDGE,

                           Plaintiff,

    v.

CHUCK ALLEN, *et al.*,

                        Defendants.

Case No. 3:19-cv-00181-MMD-WGC

ORDER

## I.   SUMMARY

*Pro se* Plaintiff Aaron Sledge, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges violations of his Sixth and Fourteenth Amendment rights under 42 U.S.C. § 1983 against Washoe County, Nevada's former sheriff and board of supervisors stemming from allegations he was denied access to a law library and legal research materials while he was a pretrial detainee at the Washoe County Detention Facility ("WCDF"). (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 21), recommending that the Court grant Defendants' case-dispositive motion to dismiss (ECF No. 7) because judicially-noticeable records from Plaintiff's underlying, state-court criminal case establish Plaintiff had state-appointed counsel during that case—and thus Washoe County was not required to provide him with law library access or other legal research materials. Plaintiff filed an objection to Judge Cobb's Recommendation.[1] (ECF No. 22.) As further explained below, the Court will

---

[1]The Court also reviewed Defendants' response to Plaintiff's objection. (ECF No. 23.)

1  overrule Plaintiff's objection because the Court agrees with Judge Cobb's analysis of the

2  underlying motion to dismiss, and will fully adopt the R&R, dismissing this case.

3  **II.    BACKGROUND**

4         The Court incorporates by reference Judge Cobb's recitation of the factual

5  background of this case (ECF No. 21 at 1-5), and does not recite it here. As relevant to

6  Plaintiff's objection, Judge Cobb recommends the Court grant Defendants' request for

7  judicial notice of records from Plaintiff's state-court criminal case that establish he had

8  state-appointed counsel throughout those proceedings. (*Id.* at 2-5.) After recommending

9  the Court take judicial notice of the fact that Plaintiff had appointed counsel, Judge Cobb

10 recommends dismissing Plaintiff's Sixth Amendment claim with prejudice because it "is

11 flatly contradicted by the records from his criminal proceeding which show he was

12 represented [by] counsel throughout his underlying criminal proceeding." (*Id.* at 8.) Judge

13 Cobb similarly recommends the Court dismiss Plaintiff's equal protection claim because

14 he was represented by counsel, and thus was not unconstitutionally denied access to legal

15 materials—even in comparison with ICE detainees who had access to a legal research

16 computer cart. (*Id.* at 13.)

17 **III.   LEGAL STANDARDS**

18       **A.    Review of the Magistrate Judge's Recommendation**

19        This Court "may accept, reject, or modify, in whole or in part, the findings or

20 recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

21 timely objects to a magistrate judge's report and recommendation, then the Court is

22 required to "make a de novo determination of those portions of the [report and

23 recommendation] to which objection is made." *Id.* Because of Plaintiff's objection to the

24 R&R, the Court has undertaken a de novo review of it, including the underlying briefs.

25       **B.    Motion to Dismiss Standard**

26        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

27 relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide

28 "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit a court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (internal quotation marks omitted). That is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

## IV. DISCUSSION

Following a de novo review of the R&R, relevant briefs, and other records in this case, the Court finds good cause to accept and adopt Judge Cobb's R&R in full. The Court addresses below Plaintiff's objection.

Plaintiff's first objects that the Court should not consider Defendants' exhibits without first converting their motion into one for summary judgment. (ECF No. 22 at 2.)

1   However, the Court can—and will—take judicial notice of the records of the state courts.

2   *See, e.g.*, *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). Thus, the

3   Court overrules Plaintiff's first objection. (ECF No. 22 at 2.)

4          Plaintiff next objects that he had no real choice other than to accept his appointed

5   counsel. (ECF No. 22 at 2.) But this creates no constitutional issue. *See, e.g.*, *U.S. v.*

6   *Robinson*, 913 F.2d 712, 717 (9th Cir. 1990) ("there is nothing constitutionally offensive

7   about requiring a defendant to choose between appointed counsel and access to legal

8   materials"). The Court therefore overrules Plaintiff's second objection. (ECF No. 22 at 2.)

9          Plaintiff also objects to Judge Cobb's recommendation to dismiss his equal

10  protection claim because he had an attorney. (ECF No. 22 at 3.) However, the Court

11  agrees with—and adopts—Judge Cobb's analysis on this point. (ECF No. 21 at 13.) The

12  Court thus overrules Plaintiff's third objection. (ECF No. 22 at 3.) Moreover, because the

13  Court agrees with Judge Cobb's analysis that Plaintiff's equal protection claim must be

14  dismissed, the Court also overrules Plaintiff's fourth objection (*id.* at 3-4), as Judge Cobb's

15  analysis applies to all Defendants.

16         The Court will therefore adopt the R&R, grant Defendants' motion to dismiss, and

17  dismiss this case with prejudice because amendment would be futile—the fact that Plaintiff

18  had appointed counsel throughout his underlying, state-court criminal case means his

19  claims fail as a matter of law. *See, e.g.*, *Robinson*, 913 F.2d 712.

20  **V.    CONCLUSION**

21         The Court notes that the parties made several arguments and cited to several cases

22  not discussed above. The Court has reviewed these arguments and cases and determines

23  that they do not warrant discussion as they do not affect the outcome of the issues before

24  the Court.

25         It is therefore ordered that the Report and Recommendation of Magistrate Judge

26  William G. Cobb (ECF No. 21) is accepted and adopted in full.

27         It is further ordered that that Defendants' motion to dismiss (ECF No. 7) is granted,

28  along with the request for judicial notice contained therein.

It is further ordered this case is dismissed in its entirety, with prejudice, as amendment would be futile.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 6th day of August 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE